JOHN M. CHRISTIAN, plaintiff in error, vs. LUCIUS MANSFIELD, defendant in error.

When the party resides out of the county, the attorney may make the showing for a continuance, provided for by the 35th rule of Court. The case is the same, when the privy liable over to the party, resides out of the county, if it is he that defends the suit.

Complaint, from Stewart county. Tried before Judge KIDDOO, April Term, 1858.

This was a suit against John M. Christian on a note, signed by James C. Christian as principal, and Thomas Stovall and John M. Christian, securities.

When the case was called for trial, defendant by his counsel moved for a continuance, stating together with other matters, that they were employed by James C. Christian, who was a resident of Randolph county, and who was the principal in said note sued on; that the defendant, John M. Christian, who was absent, was only security, and a resident of Stewart county.

The Court refused the motion, and the case was tried and verdict rendered for the plaintiff, whereupon defendants counsel excepted and assign error.

TUCKER & BEALL, for plaintiff in error.

J. L. WIMBERLY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

According to the exposition which the 35th rule of Court has received in practice, the attorney may make the showing for a continuance, when the party resides out of the county. And so is the common law. *Tidd Prac.* 722, *H. Black.* 637.

In the present case, James C. Christian was the principal in the note, and, though not himself sued, was defending the suit, which was against John M. Christian, a surety. Tuck-

er & Beall were the attorneys of James C., as the principal. He then was a *privy* to the suit, and as such, would have been bound by the judgment, as between himself and John M. Christian.

This made him occupy such a relation to the suit, we think, as to give him, with respect to continuances, the rights which he would have had, if he had been a party to the suit.

He resided out of the county.

We think, therefore, that the case was one in which the attorneys might make the showing for a continuance. And therefore, we think, that the judgment of the Court below was erroneous.

Judgment reversed and new trial ordered.